## FREDERICK McCLURE ET UX. v. PUBLIC SERVICE RAILWAY COMPANY.

### Decided February 24, 1926.

**Negligence—Injury to Trolley Car Passenger—Passenger Thrown and Injured Through Sudden Stopping and Starting of Car—Judgment for Plaintiff Contested on Ground of Alleged Erroneous Charges Relating to Duty of Carriers Regarding Stopping and Starting, and of the Degree of Care With Which They are Charged—Held, That as Applied to This Case, Charges Were Accurate.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Leonard J. Tynan.*

*Contra, Walter L. Glenney.*

PER CURIAM.

This action was brought to recover compensation for injuries received by Mrs. McClure, while a passenger on a car of the defendant company, and also compensation to the husband for loss of *consortium* and expenses incurred by him as a result of his wife's injuries. The trial resulted in verdicts in favor of the husband and wife, $2,500 being allowed to the wife and $1,000 being awarded to the husband.

The plaintiffs' case was that Mrs. McClure, after having boarded the defendant's car in Montclair and deposited her fare in the box, and while entering the body of the car and before having reached a seat, was thrown to the floor by the sudden stoppage of the car, and then its starting up again with an unexpected and violent jerk. The jury accepted her statement of the factors which had been recited, finding that this sudden stopping and starting of the car was an act

of negligence on the part of the motorman, and that the accident to Mrs. McClure was one for which she was not responsible because of any carelessness on her part.

The first ground upon which we are asked to set these verdicts aside is that they were against the weight of the evidence on the question of the sudden starting of the car and the unusual and violent jerk resulting therefrom. Our reading of the proofs satisfies us that the jury was justified in its finding upon this question.

Next, it is contended that the court erroneously charged the jury as follows: "If it be true that the car was started with a terrific jerk, an unusual jerk, and she herself was in the exercise of due care, the plaintiff is entitled to your verdict." The argument in support of this contention is that the court was not justified in saying that the mere fact that the car was started forward with a terrific and unusual jerk spoke negligence on the part of the motorman. There was no suggestion in the testimony either of the defendant or the plaintiffs that this "jerk" was due to anything unconnected with the operation of the car, and, in the absence of such testimony, the court was entirely justified, we think, in the statement which has been criticised.

The only other ground upon which defendant asks to have the verdicts set aside is that the court erroneously charged the jury that "a trolley company, which is a carrier of passengers, is required to exercise towards its passengers a high degree of care, and, if it starts its car before the passengers are seated, with a sudden or unusual jerk or other motion, which results in causing injury to a passenger, and the passenger is in the exercise of due care, the company is responsible for the result of such injury." Whether as an abstract proposition this legal rule is altogether sound is a matter which need not be considered. As applied to the proofs in the case (and this was what the court was dealing with) it was entirely accurate.

This rule to show cause will be discharged.